## JOSEPH RUGG *vs.* ABEL PARKER.

The court of common pleas have authority to complete their record of a judgment in an action on a promissory note, even after the lapse of nearly twenty years; and the amount of evidence to be required for that purpose is within their discretion, to the exercise of which no exception lies.

Under the rule of the court of common pleas, which provides that a party who omits seasonably to file the papers required to make up the record of a case, and afterwards obtains an order from the court for the completion of the record, shall pay " the costs of the adverse party, if he shall attend to answer thereto," the petitioner must pay not only the costs of that court, but the costs of this court also, if the case is brought to this court by the respondent on exceptions, although those exceptions are dismissed on the ground that the matter is exclusively within the discretion of the court of common pleas.

PETITION to the court of common pleas, presented at September term 1855, to order their clerk to complete the record of a judgment rendered by that court at December term 1835 upon the default of the respondent in an action brought against him by the petitioner on two promissory notes, the record of which judgment had remained incomplete, as the petition alleged, because, in consequence of the utter insolvency of the defendant, the plaintiff had failed to furnish the clerk with the papers necessary for entering the judgment and completing the record thereof, although the debt remained wholly due and unsatisfied.

The respondent had notice of the petition, and appeared and objected to the granting of the prayer thereof, and a hearing was had at December term 1855, before *Sanger*, J.

The petitioner presented two promissory notes, purporting to have been given by the respondent to the petitioner, and corresponding to the two promissory notes sued on; but offered no evidence to prove the execution of said notes by the respondent.

The petitioner called, as a witness, the attorney who made the writ, who testified that he thought and had no doubt that the two notes produced by the petitioner were the notes which he then sued and declared on; but he did not know or recollect that he had ever seen the respondent.

It did not appear that said notes or either of them had ever been filed with the clerk or placed on file in the writ. Said action was not continued after the term at which the respondent was defaulted.

The court heard evidence upon the reasons,for the delay in furnishing the papers to complete the record, and thereupon ordered the record to be completed as prayed for. And to this order the respondent alleged exceptions.

*S. A. Brown,* for the respondent. By the rules of the court of common pleas and of this court, a judgment, after the completion of the record thereof at a subsequent term, is to be considered, in all respects, as a judgment of the term at which it was originally awarded. To allow a judgment to be so made up after the lapse of nearly twenty years might do great injustice to the defendant, by barring him of his writ of error, which must be brought within six years after judgment. Rev. Sts. *c.* 112, § 19. If judgment is to be considered as of the term at which it is finally ordered to be made up and recorded, the notes are then barred by the statute of limitations.

If the court might, in its discretion, order the judgment to be made up after such a lapse of time, there was not sufficient evidence of the execution by the respondent of the notes produced, to authorize this judgment to be completed. If the order of the court of common pleas was erroneous, or not made in the exercise of a sound discretion, exceptions lie. Rev. Sts. *c.* 82, § 12. *Davenport* v. *Holland,* 2 Cush. 1.

*E. R. Hoar & E. A. Kelly,* for the petitioner, were stopped by the court.

METCALF, J. The court of common pleas undoubtedly had authority to complete their records, in the action on the notes *Balch* v. *Shaw,* 7 Cush. 282. And the order to complete them was made on petition, and after notice to the adverse party, according to a rule of that court, which is like a rule of this court, published in 24 Pick. 396. Whether the court would order the completion of those records was a matter of judicial discretion ; and the action of the court, within the limits of its authority, is not a subject of exception. But if these exceptions

15 *

were properly before us, we should overrule them; being of opinion that they do not show that the order was wrongly made.

The exceptions are dismissed, and the case is to be sent back to the court of common pleas for the execution of their order.

The court of common pleas ordered the record to be made up and completed, and that the respondent recover of the petitioner full costs in that court and in this; the eighth rule of that court (like the thirty-sixth rule of this court) providing that " the party delinquent in such case shall pay to the clerk the costs of re-cording the judgment anew, and also the costs on the petition, and the costs of the adverse party, if he shall attend to answer thereto." To so much of this order as allowed the petitioner costs accrued subsequently to the term of that court at which the record was originally ordered to be amended, the petitioner alleged exceptions, which were argued in this court at October term 1857, and overruled.